IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREGORY MARLOW,<br>CYNTHIA LYNN COFFMAN,<br>Petitioners,<br>v.<br>RON BROOMFIELD, Warden,<br>MICHAEL PALLARES, Warden,<br>Respondents. | **CAPITAL CASE**<br>Case No. 05CV6477 [Marlow]<br>Case No. 06CV7304 [Coffman]<br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that the stipulated protective order submitted by the parties is GRANTED.

1. Documents, notes, and materials (hereafter "materials") from bailiff Kathleen Callaway's personnel files from the San Bernardino Sherriff's Department, shall be deemed confidential.

2. Testimony, and any and all statements (sworn or unsworn), about or disclosing materials found in Callaway's personnel file shall be deemed confidential.

3. At the evidentiary hearing, any testimony or statements about, or disclosing materials found in Callaway's personnel file shall be deemed confidential and sealed.

4. Any and all of the above mentioned documents, statements, and testimony may be used only by the parties to this federal habeas litigation, namely (1) representatives from the Office of the California Attorney General, and (2) Petitioners' representatives (hereafter collectively "Parties"), and may be used by these Parties only for purposes of litigating this federal habeas corpus proceeding.

5. The Parties are prohibited from disclosing the materials described in paragraphs (1), (2), and (3), including any information or evidence derived from them, to any other persons or agencies, including, but not limited to, Petitioners, without an order from the Court. This prohibition applies with equal force to any and all members of the Parties' legal team, including any and all persons retained by the Parties to litigate this matter, and all such individuals shall be provided with a copy of this Protective Order.

6. All documents, testimony, and statements about or disclosing materials from Callaway's personnel file shall be submitted to this Court under seal in a manner reflecting their confidential nature and to ensure that they will not become public record. At any hearing, including an evidentiary hearing, to be held in this matter, confidential material shall be clearly designated as such by marking the transcripts of such proceedings. Any pleadings or papers served or filed or lodged with the Court that contains or reveals the substantive content of any confidential matter shall be filed under seal, and shall include a separate caption page that includes the following Confidentiality Notice or its equivalent:

**TO BE FILED UNDER SEAL**

**THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED**

7. Confidential materials shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any filed documents. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal, and the Parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

8. This Protective Order shall continue in effect after the conclusion of this habeas corpus proceeding. Any modification or vacation of this Order shall only be made upon notice to and an opportunity to be heard from the Parties.

Dated: March 8, 2022

_____
The Honorable Andre Birotte Jr.
U.S.D.C Central District Judge